IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

        Plaintiff,

v.                                        Case No. 09-20119-11-JWL
                                                  13-2441-JWL

Ricardo Limon,

        Defendant.

## MEMORANDUM & ORDER

In January 2011, defendant Ricardo Limon entered a plea of guilty to conspiracy to distribute and to possess with intent to distribute more than 5 kilograms of cocaine, more than 50 grams of methamphetamine, and a detectable amount of marijuana. At the sentencing hearing, the court determined that Mr. Limon had threatened a co-defendant and had forced him to sign affidavits that exonerated Mr. Limon of involvement in drug-related criminal activity. Based on that finding, the court applied a two-level adjustment for obstruction of justice under U.S.S.G. § 3C1.1, resulting in an offense level of 38. The court also denied Mr. Limon's request for a downward adjustment for acceptance of responsibility under § 3E1.1. Based on Mr. Limon's criminal history of I and an offense level of 38, the Guidelines range was 235 to 293 months. The court sentenced Mr. Limon to 235 months' imprisonment. On appeal, Mr. Limon challenged the procedural reasonableness of his sentence and the Circuit determined that his sentence was procedurally reasonable. *United States v. Limon*, 483 Fed. Appx. 522, 525 (10th Cir. June 6, 2012). This matter is now before the court on Mr. Limon's motion to vacate,

set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As will be explained, the motion is denied.

In his motion, Mr. Limon first asserts that his sentence is grossly disproportionate to the offense committed such that it constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case," *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003), and the Tenth Circuit generally will not regard a sentence within the statutory limits to be cruel and unusual, *United States v. Hughes*, 901 F.2d 830, 832 (10th Cir. 1990). Here, Mr. Limon's sentence of approximately 20 years is well within the statutory limits of ten years to life. Mr. Limon has not shown that his sentence was constitutionally disproportionate to the severity of his offense. *See Harmelin v. Michigan*, 501 U.S. 957 (1991) (mandatory life sentence for cocaine possession did not violate Eighth Amendment); *United States v. Ratzlaff*, 160 Fed. Appx. 721, 725-26 (10th Cir. Dec. 23, 2005) (180-month prison term for drug trafficking crimes did not violate Eighth Amendment; drug trafficking statutes authorized far higher sentences, including life in prison).

Mr. Limon further complains that his sentence is not consistent with the sentencing considerations set forth in 18 U.S.C. § 3553(a) and that the court, in violation of *Nelson v. United States*, 555 U.S. 350 (2009), treated the Guidelines range as though it was mandatory and afforded the Guidelines range a presumption of reasonableness. This argument is rejected. After carefully considering the evidence presented at the sentencing hearing over the course of four days, the court explained in detail why it believed a 235-month sentence was sufficient but not greater than necessary to comply with the factors Congress set out in § 3553(a). *See*

Transcript of Sentencing Hearing at 759-66. While the court obviously considered the Guidelines to the extent they promote uniformity in sentencing and assist in determining an appropriate sentence by weighing the nature of the offense as well as aggravating and mitigating factors, the court in no way suggested any belief that the Guidelines range was mandatory or presumptively reasonable. In fact, the court expressly recognized during the sentencing hearing that the Guidelines "are advisory only." *Id*. at 760. Finally, the Circuit has already held that Mr. Limon's sentence was procedurally reasonable. For these reasons, plaintiff's claim lacks merit. *United States v. Gordon*, 710 F.3d 1124, 1160 (10th Cir. 2013) (a sentence is procedurally unreasonable if the district court treats the Guidelines as mandatory or fails to consider the § 3553(a) factors).

According to Mr. Limon, his sentence is also inconsistent with the factors set forth in § 3553(a) because the court's relevant conduct calculation was "per se unreasonable." In terms of relevant conduct, the court held Mr. Limon accountable for the drug equivalency of at least 10,000 kilograms of marijuana but not more than 30,000 kilograms of marijuana, resulting in a base offense level of 36. While Mr. Limon continues to insist that he did not know that cocaine and/or methamphetamine were being trafficked as part of the conspiracy such that he should only be held accountable for marijuana, the court rejected this argument in detail at the sentencing hearing in the face of overwhelming evidence that Mr. Limon was aware of both the types and quantities of drugs involved in the conspiracy. He offers no colorable argument concerning the court's calculation of relevant conduct.

Mr. Limon next makes a very brief argument concerning the court's denial of Mr. Limon's request for an "acceptance of responsibility" downward adjustment under U.S.S.G.

3

3E1.1. As indicated at the sentencing hearing, the court denied Mr. Limon's request for the adjustment based on its findings that Mr. Limon had obstructed justice in procuring false affidavits; did not provide to the government all information and evidence concerning his offense; and frivolously denied relevant conduct by alleging that he had no knowledge of any activities concerning cocaine or methamphetamine. According to Mr. Limon, the court, in denying the adjustment, violated Mr. Limon's Fifth Amendment right against self-incrimination because the court "punished" Mr. Limon for refusing to admit to certain drug-related activities. The Tenth Circuit, however, has squarely held that the denial of a U.S.S.G. § 3E1.1 downward adjustment is not a penalty or enhancement of sentence implicating the Fifth Amendment. *United States v. Anderson*, 15 F.3d 979, 981 (10th Cir. 1994). In light of *Anderson*, the court rejects Mr. Limon's argument.

As he did on appeal, Mr. Limon asserts that resentencing is required because the court, in applying the obstruction of justice adjustment, failed to make the requisite factual findings regarding Mr. Limon's specific intent. The Tenth Circuit expressly considered and rejected this argument, concluding that the court made sufficient findings that Mr. Limon "willfully" obstructed justice when he obtained false affidavits by threat. *Limon*, 483 Fed. Appx. at 525. In the absence of any new law that would justify another examination of the merits of this argument, the court cannot revisit Mr. Limon's argument in the context of a § 2255 motion. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (issues disposed of on direct appeal generally cannot be considered in a § 2255 collateral attack).

Mr. Limon next contends that the court, in violation of Mr. Limon's due process rights, imposed a two-level enhancement for Mr. Limon's leadership role in the offense under U.S.S.G.

§ 3B1.1(c). Mr. Limon also asserts that the evidence presented at the sentencing hearing did not support a finding that Mr. Limon played a leadership role in the conspiracy. These arguments are flatly rejected for the simple reason that Mr. Limon did not receive an adjustment for his role in the offense. *See* PSR ¶ 109 (indicating no adjustment for role in the offense).

Finally, Mr. Limon argues that the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) entitles him to relief. Because the Tenth Circuit has determined that *Alleyne* does not apply retroactively to cases on collateral review, the court must reject this argument as well. *In re Payne*, ___ F.3d ___, 2013 WL 5200425, at *1-2 (10th Cir. Sept. 17, 2013).

The court, then, denies Mr. Limon's motion and declines to issue a certificate of appealability because, with respect to Mr. Limon's constitutional claims, no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong and, with respect to Mr. Limon's non-constitutional claims, the court lacks the authority to grant a certificate of appealability. *United States v. Trinkle*, 2013 WL 363480, at *1 (10th Cir. Jan. 31, 2013).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Limon's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (doc. 1042) is denied. The court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2013, at Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge